IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANNE WELLOCK, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| TAYLOR HOSPITAL, INC., et al., | : | |
| | : | NO. 10-2883 |
| Defendants. | : | |

**MEMORANDUM**

GENE E.K. PRATTER, J.,                                          September 17, 2012

Plaintiff Anne Wellock alleges that defendants Taylor Hospital, Inc. and Crozer-Keystone Health System, Inc. (collectively, "Employer") and defendant United Nurses of Pennsylvania National Union of Hospital and Healthcare Employees ("Union") breached a collective bargaining agreement, and that the Union breached its duty of fair representation. The defendants filed a joint motion to dismiss the complaint for failure to state a claim. For the reasons that follow, the Court grants the motion.

I.    FACTUAL BACKGROUND

On May 17, 2010, Ms. Wellock filed suit against the defendants in the Court of Common Pleas of Delaware County. The defendants subsequently removed the case to this Court and moved to dismiss the case as time-barred. On July 29, 2010, the Court partially granted the motion to dismiss but gave Ms. Wellock leave to amend her complaint. The Court noted that the complaint contained pleading deficiencies as to when Ms. Wellock discovered the alleged

violations committed by the defendants.  Ms. Wellock subsequently filed an amended complaint, and the defendants again move to dismiss the complaint as time-barred.

In the amended complaint, Ms. Wellock alleges that she worked for the Employer, that she was a member of the Union, and that the Employer and Union entered into a collective bargaining agreement.  In January 2009, the Employer informed Ms. Wellock that she was being "bumped" from her position pursuant to the collective bargaining agreement.  Ms. Wellock immediately asked the Union to pursue a grievance regarding this action.  She alleges that the Union responded by telling her that "no grievance would be considered." Amended Cmplt., ¶ 23.

On February 3, 2009, the Employer terminated Ms. Wellock.  In her complaint, Ms. Wellock alleges that she again asked the Union to pursue a grievance following her termination, but that the Union "refused to even permit the grievance process to occur." Amended Cmplt., ¶ 29.  Moreover, Article 5.5 of the collective bargaining agreement, which Ms. Wellock referenced in her complaint as Exhibit A, states that a grievance process must be initiated within three days of an employee's termination.[1]  The Union never filed a grievance on behalf of Ms. Wellock after her termination.

**II.      DISCUSSION**

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint.  The Court must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff.  *Angelastro v. Prudential-Bache Sec., Inc.,* 764 F.2d 939, 944 (3d Cir. 1985).  Nonetheless, to survive a motion to dismiss, a civil complaint must allege "factual

---

[1] Ms. Wellock's amended complaint references and relies on the exhibits that she attached to her initial complaint, and the Court will therefore treat those exhibits as part of her amended complaint.  *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (holding that "a document integral to or explicitly relied upon in [a] complaint may be considered" in adjudicating a motion to dismiss without converting the motion into one for summary judgment).

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court may consider the allegations contained in the complaint, documents incorporated into the complaint by reference, and matters of which courts may take judicial notice. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

Ms. Wellock has brought a hybrid suit under section 301 of the Labor Management Relations Act, because she has sued both the Employer for breaching the collective bargaining agreement and the Union for breaching its duty of fair representation. *See Vadino v. A. Valey Eng'rs*, 903 F.2d 253, 260 (3d Cir. 1990). A six-month statute of limitations applies to such hybrid actions. *See id.* This six-month period begins "'when the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation.'" *Hersh v. Allen Prods. Co.*, 789 F.2d 230, 232 (3d Cir. 1986) (quoting *Metz v. Tootsie Roll Indus., Inc.*, 715 F.2d 299, 304 (7th Cir. 1983)). Therefore, the statute of limitations for a hybrid action begins to run when "it was or should have been clear to the employee that the union would not pursue the grievance." *Vadino*, 903 F.2d at 261. The commencement date of this six-month period "is easily ascertained when the collective bargaining agreement allows a plaintiff to calculate a date by which he may know whether his grievance has been well handled." *Balsavage v. Ryder Truck Rental, Inc.*, 712 F. Supp. 461, 470 (D.N.J. 1989) (citing *Metz*, 715 F.2d at 304).

Under the foregoing case law, the six-month statute of limitations period bars Ms. Wellock's suit. Ms. Wellock alleges that the Union directly informed her that it would not pursue a grievance on her behalf. Moreover, Ms. Wellock was terminated on February 3, 2009, and the collective bargaining agreement required the Union to initiate a grievance within three

days of her termination.  Therefore, on February 7, 2009, Ms. Wellock could "easily ascertain[]" that the Union would not pursue her grievance, and the six-month period for her to file suit commenced.  *See id.*  Ms. Wellock nonetheless waited for over 15 months to bring this action, and her claims are time-barred.[2]

Ms. Wellock argues that her claims are not time-barred under *Wilkins v. ABS Freight Systems, Inc.*, No. 03-6610, 2005 WL 2271866 (E.D. Pa. Sept. 15, 2005).  However, *Wilkins* actually cuts against Ms. Wellock's position.  In that case, the court dismissed a section 301 hybrid action because the plaintiff filed suit more than six months after it "should have been clear to [him] that the Union would no longer pursue his grievance."  *Id.* at *8.  Here too, Ms. Wellock filed suit more than six months after her termination, even though the collective bargaining agreement explicitly stated that the Union had to file a grievance within three days of her termination.  She should have known that the Union would not pursue her grievance, and her claims are time-barred.

Ms. Wellock also argues that the doctrines of the discovery rule and equitable tolling extend the time she had to file this lawsuit.  With respect to the discovery rule, Ms. Wellock's argument has no merit.  The Third Circuit has held that the discovery rule only tolls a statute of limitations until a plaintiff becomes aware that she has suffered an "actual injury," regardless of whether she also knows that "this injury constitutes a legal wrong."  *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1386 (3d Cir. 1994).  In this case, the complaint alleges that Ms. Wellock became aware of her injury when the Employer "bumped" her on January 8, 2009, and she failed to file suit within six months of that date.

---

[2] The Court notes that although its prior order stated that "pleading deficiencies" existed in Ms. Wellock's initial complaint, her amended complaint contains no allegation disputing that the Union had to file a grievance by February 7.

The Third Circuit has held that "[t]he doctrine of equitable tolling . . . should be applied 'sparingly.'" *Podobink v. USPS*, 409 F.3d 584, 591 (3d Cir. 2005) (quoting *AMTRAK v. Morgan*, 536 U.S. 101, 113 (2002)).  The Third Circuit also has repeatedly declined to decide whether equitable tolling applies to a section 301 hybrid action.  *See Podobink*, 409 F.3d at 594; *Vadino*, 903 F.2d at 263.  Assuming *arguendo* that Ms. Wellock may rely on the doctrine, she must satisfy two requirements to do so.  First, she must allege that the defendants "actively misled" her regarding the facts of her case.  *Oshiver*, 38 F.3d at 1387 (discussing equitable tolling in an employment discrimination case).  Second, she must allege that "this deception caused [her] non-compliance with the [statute of] limitations provision."  *Id.*

Here, Ms. Wellock's vaguely worded complaint makes it difficult to discern whether she alleges that the defendants "actively misled" her.  However, at oral argument Ms. Wellock's counsel clarified that her sole basis for asserting an equitable tolling theory is that, following her termination, the Employer promised to reconsider the actions taken against her.  *See* Oral Argument Transcript, 27:10-22 (Docket No. 17).  Such an allegation cannot toll the statute of limitations, because the equitable tolling doctrine only applies if a defendant misleads a plaintiff as to the facts that support her cause of action.  *See Forbes v. Eagleson*, 228 F.3d 471, 487 (3d Cir. 2000) (equitable tolling requires defendants to engage in "affirmative acts of concealment designed to mislead the plaintiffs *regarding facts supporting their . . . claim*") (emphasis supplied); *see also Oshiver*, 38 F.3d at 1390 ("Equitable tolling . . . keys on a plaintiff's cognizance, or imputed cognizance, of the facts supporting the plaintiff's cause of action.").  Therefore, even if the defendants told Ms. Wellock that they would reconsider her bumping and termination, her equitable tolling argument fails because such statements did not mislead her regarding the facts supporting her case.  *See Williams v. Temple Univ. Hosp.*, 400 F. App'x 650,

653 (3d Cir. 2010) (dismissing complaint under Rule 12(b)(6) and finding that the plaintiff could not rely on equitable tolling based on "promises of help allegedly made by [her union]").

## IV. CONCLUSION

For the reasons discussed above, the Court will grant the defendants' Motion to Dismiss. Since Ms. Wellock already has had an opportunity to amend her complaint, the Court grants the motion to dismiss with prejudice.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE